McIntosh v. Schroder.

## George McIntosh v. Herman Schroder.

1. MECHANIC'S LIEN—*Time in Which Suit Must be Commenced—Limitations.*—A bill to enforce a mechanic's lien must be filed within two years after filing the statement required by Section 4 of Chapter 82, R. S., entitled "Liens."

2. SAME—*Sections 4 and 28 of the Act to be Construed in Pari Materia.*—These two sections of the Mechanic's Lien Act (R. S. Ch. 82) are *in pari materia,* and to obtain the benefit of the act the creditor must, in every case, as against the debtor no less than as against other creditors, incumbrancers or purchasers, file his claim before he brings his suit.

3. SAME—*Time for Filing Statement.*—The time for filing the statement by the creditor claiming a lien under section 4 (R. S. Ch. 82) is not fixed or limited as against the debtor himself, but as to other creditors, incumbrancers or purchasers, it must be filed within the four months limited by section 28.

**Memorandum.**—Suit for mechanic's lien. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Petition filed August 30, 1893; judgment on demurrer to petition; appeal by petitioner. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

A. E. DeMANGE, attorney for appellant.

APPELLEE'S BRIEF, LILLARD & WILLIAMS, ATTORNEYS.

The statute in relation to mechanic's liens, being in derogation of the common right, should be strictly construed. It should not be enlarged by implication or by uncertain construction, but should be given only such force as clearly

belongs to it.  To say that a right claimed under such a statute is doubtful is substantially tantamount to saying that it does not exist.  Shaw v. Chicago & C. Mfg. Co., 144 Ill. 521; Ottawa Gas Co. v. Downey, 127 Ill. 204.

Unless the lienor files his verified claim as required by Sec. 4, he can acquire no mechanic's lien or legal right. Campbell v. Jacobson, 145 Ill. 404; McDonald v. Rosengarten, 35 Ill. App. 71; Beck Lumber Co. v. Halsey, 41 Ill. App. 349.

Mr. Justice Pleasants delivered the opinion of the Court.

This was a bill to enforce a mechanic's lien, to which a demurrer was interposed on the ground that the suit was not commenced within two years after complainant filed the statement required by section 4 of the statute.  The demurrer was sustained and the bill dismissed.

Whether the complainant by this delay lost his right to the remedy sought is the only question presented.  Its decision depends upon the construction to be given to the statute.

. Section 4 requires that " every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the Circuit Court  *  *  *  a just and true statement " of his claim, setting forth, as therein particularly described; after which he " may bring a suit at once to enforce the same by bill or petition."

Section 28 is as follows: " No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor, or incumbrancer, or purchaser, unless a claim for a lien shall have been filed with the clerk of the Circuit Court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable.  Suit shall be commenced within two years after filing such claim with the clerk of the Circuit Court, or the lien shall be vacated."

Plaintiff in error contends that the lien " vacated " by this delay is " the lien created under the provisions of this act, as

against or to the prejudice of any other creditor, or incumbrancer, or purchaser;" that the vacation declared is a vacation only as against them, and that the "claim" on which suit must be brought within the two years is not the claim filed " as provided in section four," and which under that provision might be filed after as well as within four months from the time when the last payment became due, but the claim filed within the four months as provided in the preceding part of section 28.

It is clear that this contention has no foundation in the expression of the statute, nor do we think it necessarily or plainly implied in any that is therein used. The suggestion that if the legislature had so intended, it would have inserted in a statute well understood to be in derogation of the common law, in at least one of the three places above indicated, some language qualifying and explaining what, as it stands, is manifestly of uncertain meaning, is certainly forcible.

We think the argument against the holding of the chancellor rests alone upon and as inference from the facts that the two sections are so far apart and that the case in which the lien shall be vacated is stated in the close of the latter one, of which all that precedes is exclusively for the benefit of other creditors or incumbrancers or purchasers by requiring the mechanic to file his claim as against them, within the time therein limited. And perhaps the first impression of the reader would therefore be that it also was intended to be as exclusively in their interest.

No light is thrown upon the question by any intervening section, and little, if any, by reference to previous forms of the lien act. These two sections are *in pari materia*, and to be considered as if they were in juxtaposition. They provide that to get the benefit of the act the creditor must in every case—as against the debtor no less than as against other creditors, incumbrancers or purchasers—file the claim before he brings his suit. Upon so doing "he may," if he sees fit, at once commence his suit. The time for filing it is not fixed nor limited, as against the debtor, by this or any

other act, however it may be as to the right to maintain the suit thereafter by the general statute of limitations. But as against other creditors, incumbrancers or purchasers, he must file it within the four months limited and designated by section 28, and as already said, in that case as well as against the debtor alone, he must so file it before suit commenced. So far there is no trouble about the meaning. Then immediately following and in the same section, but after a period, is the limitation of the time for the commencement of suit. Had the expression been " within two years after *such filing*," it would be construed to refer to the filing that was done within the four months, because no other is mentioned in the preceding part of the section, though there is in fact another filing of such claims which is different in time and effect. But the language is, " within two years after filing *such claim*." There is but one " claim " contemplated by any preceding expression. It is mentioned in this section by express reference to section 4, which particularly describes it and requires a filing of it in all cases. It is not a difference in the claim that makes a difference in the operation or scope of the remedy provided by the statute, but only a difference in the time of performing the act of filing it. The reference, then, must be to the filing of that claim, and the suit must be commenced within two years from that time, whenever filed, and whether or not in time to ripen a lien as against other creditors, or incumbrancers or purchasers.

This construction is also supported by the terms employed to express the consequence of failure to commence suit within the time limited. " The lien shall be vacated," not postponed, or held subject to others.

We see no serious incongruity in the operation of the statute as so construed.

For the reasons stated we are inclined to agree with the chancellor and will affirm his decree.